UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DECHAUN A. SMITH,

        Petitioner,        Case Number: 2:07-CV-10749

v.        HON. ARTHUR J. TARNOW

FRED BELL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR RELEASE ON BOND WITHOUT PREJUDICE AND DENYING PETITIONER'S MOTION FOR EXPEDITED CONSIDERATION**

Petitioner Dechaun A. Smith, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also has filed a Motion for Appointment of Counsel and Motion for Expedited Consideration.

There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time, and will deny the motion without prejudice.

Petitioner also has filed a Motion for Expedited Consideration of his habeas petition. Rule 4, Rules Governing Section 2254 Cases, grants a district judge discretion to set a fixed time within which an answer to a habeas corpus petition must be filed. The Court has issued an Order Requiring Responsive Pleading, directing Respondent file an answer to the petition by April 27, 2007. The Court endeavors to adjudicate all matters, including habeas corpus petitions, in as timely a manner as justice requires and the Court's pending caseload allows. Once the answer and the relevant state court record have been filed, the Court will address the merits of the petition as expeditiously as possible. Thus, the Court will deny the motion as unnecessary.

In his Motion for Expedited Consideration, Petitioner also requests release on bond pending the Court's decision on his habeas petition. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S. Ct. 3, 5 (1964); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." Dotson, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond. Therefore, the Court denies the request for release on bond.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's motion if it

determines at a later date that appointment of counsel is necessary.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Consideration is **DENIED** and Petitioner's request for release on bond is **DENIED WITHOUT PREJUDICE**.

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: February 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2007, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Secretary