UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DECHAUN A. SMITH,

        Petitioner,                 Case Number: 07-CV-10749

v.                                           HONORABLE ARTHUR J. TARNOW

FRED BELL,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
AND DISMISSING PETITION WITHOUT PREJUDICE**

      Petitioner Dechaun A. Smith has filed a *pro se* petition for a writ of habeas corpus. Petitioner, who has been released on parole, challenges his convictions for possession with intent to deliver less than fifty grams of cocaine, possession of marijuana with intent to deliver, carrying a concealed weapon, and felon in possession of a firearm. Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted three of the claims presented in his habeas petition. For the reasons which follow, the Court grants the motion and dismisses the petition without prejudice.

**I. Background**

      Following a jury trial in St. Clair County Circuit Court, Petitioner was convicted of the above-listed offenses. On August 23, 2004, he was sentenced to 3 years, 2 months to 40 years imprisonment for the cocaine-possession conviction, 1 to 8 years imprisonment for the marijuana-possession conviction, 1 year, 2 months to 10 years imprisonment each for the carrying a concealed weapon and felon-in-possession convictions.

Smith v. Bell
No. 07-10749

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

I. Did the trial court reversibly err in denying the defendant's motion to suppress evidence and/or in the alternative motion for an evidentiary hearing, where it repeatedly declined to hold an evidentiary hearing to determine the legality of the warrantless, full-blown arrest, search and seizure of the defendant and his automobile where: (1) there was no preliminary examination transcript as a result of waiver; (2) there was no stipulation of agreed upon facts by the defendant and prosecution for the court to rely upon; (3) the defense and prosecution disputed material facts and were forced to rely upon the contradictory hearsay police report as evidence at the suppression hearing; (4) where the trial court created/ manufactured and relied upon facts that neither the defense nor the prosecution placed on the record, ultimately giving preference to the prosecution's version of the highly disputed facts; and (5) contrary to M.C.R. 6.110(d), which specifically requires the trial court to hold an evidentiary hearing under these very circumstances?

II. Did the trial court commit error and violate defendant-appellant's constitutional right to due process and right to a fair trial, as pursuant to U.S. Const., Am. 5; Mich. Const. 1963, art I, § 17, when the trial court (1) denied his repeated requests to enforce clear and unambiguous trial court orders to produce discovery; (2) failed to discipline and/or sanction the prosecution for its discovery abuses; and (3) where it declined to hold in the alternative, an evidentiary hearing to determine the true existence of the specifically requested and disputed material evidence?

III. Defendant's convictions must be reversed where the prosecutor intentionally and/or in complete disregard for defendant's due process rights to a fair trial, failed to provide defendant with specifically requested video and photographic evidence prior to the commencement at trial, thereby denying appellant his constitutional rights (U.S. Const, Am. 5; Mich. Const. 1963, art. I, § 17).

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Smith, No. 258200 (Mich. Ct. App. Apr. 27, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals, and an additional claim of ineffective

2

assistance of counsel. The Michigan Supreme Court denied leave to appeal. People v. Smith, No. 131343 (Mich. Oct. 31, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims for relief:

> I. Did the trial court reversibly err in denying the defendant's motion to suppress evidence and/or in the alternative motion for an evidentiary hearing, where it repeatedly declined to hold an evidentiary hearing to determine the legality of the warrantless, full-blown arrest, search and seizure of the defendant and his automobile where: (1) there was no preliminary examination transcript as a result of waiver; (2) there was no stipulation of agreed upon facts by the defendant and prosecution for the court to rely upon; (3) the defense and prosecution disputed material facts and were forced to rely upon the contradictory hearsay police report as evidence at the suppression hearing; (4) where the trial court created/ manufactured and relied upon facts that neither the defense nor the prosecution placed on the record, ultimately giving preference to the prosecution's version of the highly disputed facts; and (5) contrary to M.C.R. 6.110(d), which specifically requires the trial court to hold an evidentiary hearing under these very circumstances?
>
> II. Did the trial court commit error and violate defendant-appellant's constitutional right to due process and right to a fair trial, as pursuant to U.S. Const., Am. 5; Mich. Const 1963, art. I, § 17, when the trial court (1) denied his repeated requests to enforce clear and unambiguous trial court orders to produce discovery; (2) failed to discipline and/or sanction the prosecution for its discovery abuses; and (3) where it declined to hold in the alternative, an evidentiary hearing to determine the true existence of the specifically requested and disputed material evidence?
>
> III. Defendant's convictions must be reversed where the prosecutor intentionally and/or in complete disregard for defendant's due process rights to a fair trial, failed to provide defendant with specifically requested video and photographic evidence prior to the commencement at trial, thereby denying appellant his constitutional rights (U.S. Const, Am. 5; Mich. Const. 1963, art. I, § 17).
>
> IV. The prosecution would not have been able to prove possession with "intent" to deliver against petitioner beyond a reasonable doubt had he received the effective assistance of trial counsel where counsel performed deficiently. Counsel failed to

provide defendant correct, candid and honest legal advice. When he was told to waive preliminary hearing, because I wanted to have preliminary hearing I was illegally arrested and the evidence wasn't mine, there wasn't any finger prints or identification who this belonged to. He advised me he could get an evidentiary hearing at any time. That was the same as a preliminary hearing. [e.d. Mich 2006] key 641.13(1) criminal law; in general when counsel's deficient performance leads to the forfeiture of a judicial proceedings, prejudice is presumed on ineffective counsel claim under the Sixth Amend., U.S.C.A. <u>Paluski v. Bock</u>, 410 F. Supp. 2d 602. Counsel's substandard representation culminated when the court said counsel failed to file for evidentiary hearing with the (21) day deadline. Denying him due process and a fair trial under the Fifth, Sixth & Fourteenth Amendments to the United States Constitution and Michigan Constitution 1963, art. 1 §§ 17 & 20.

V. Defendant was denied his Sixth Amendment right to confront his accusers in light of the Supreme Court's recent decision of <u>Crawford v. Washington</u>, 124 S. Ct. 1354 (2004). The confrontation clause completely bars the prosecution from introducing a "testimony" statement from non-testifying declarant, the results in <u>White v. Illinois</u>, 502 U.S. 346 (1992). "Crawford" effectively overrules a large number of Michigan cases, <u>Schutte</u>, where hearsay testimony is admitted in which the appellate court used <u>Roberts</u> to uphold the admission of out of court statements. Testimonial statements offered by the prosecution and judge. Where the defendant was affected in statements. In this case the prosecutor made testimony statement to the credibility of witnesses. The use of corroborative evidence to establish the trustworthiness of hearsay statements under the residual hearsay exceptions where the declarant does not testify trial. <u>People v. Katt</u>, 468 Mich. 272, 662 N.W.2d 12 (2003).

VI. The cumulative effect of these errors rendered Mr. Smith's trial fundamentally unfair. Petitioner asserts that each of the above errors, standing alone, requires reversal of his conviction. However, even if an individual error or deficiency is not sufficient by itself to warrant reversal, the cumulative effect of several errors or deficiencies may deny a defendant his due process right to a fair trial, and therefore require reversal. . . . They did so in this case

## II. Discussion

Respondent argues that the petition should be dismissed because Petitioner's fourth, fifth, and sixth claims are unexhausted. The doctrine of exhaustion of state remedies requires state

4

prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Respondent asserts two grounds for claiming that Petitioner's fourth, fifth and sixth claims are unexhausted. First, he argues that these claims were not presented as issues of federal constitutional law. Second, he argues that these claims were presented for the first time on discretionary review to the Michigan Supreme Court, which is insufficient to satisfy the exhaustion requirement.

Petitioner's fifth and sixth claims have not been presented to any state court. Thus, they

are unexhausted for that reason. Petitioner's fourth claim, asserting ineffective assistance of counsel, was presented for the first time in Petitioner's application for leave to appeal to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. Castille v. Peoples, 489 U.S. 346, 351 (1989). Thus, Petitioner has failed to exhaust his state court remedies with respect to this claims. Contrary to Respondent's assertion, though, the Court finds that the claim, although not particularly well-developed in Petitioner's *pro se* application for leave to appeal, was properly federalized. *See* Eddleman v. McKee, 2005 WL 5416768, *3 n.2 (E.D. Mich. March 22, 2005) (finding that a habeas petitioner may properly federalize a claim in state court without citing federal cases or state cases relying on federal law where "the nature of his claim is sufficient to apprise judicial officers charged with supporting the Constitution of the United States that his claim alleged a violation of that document").

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims. Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed

to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, February 16, 2007, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing his state remedies within sixty days of this Court's Order and returning to federal court within sixty days of exhausting his state remedies. *See* id. at 718.

Finally, if Petitioner decides not to pursue exhaustion of his unexhausted claims in state court, he may file a motion in this Court within thirty days of the date of this Order requesting that the matter be reopened and the unexhausted claims deleted.

### III.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from February 16, 2007, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the

state court within sixty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within sixty days of exhausting state court remedies.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary